IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALFI, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-10979 (KBO) |
| ALFRED T. GIULIANO, solely in his capacity as the Chapter 7 Trustee of Alfi, Inc.,<br><br>Plaintiff,<br><br>-against-<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | Adv. Proc. No. 24-_____ (KBO) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alfred T. Giuliano, not individually but solely in his capacity as the chapter 7 trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Alfi, Inc. ("Debtor"), by and through his undersigned counsel, files this Complaint against Amazon Web Services, Inc. ("Defendant") to avoid and recover preferential and/or fraudulent transfers and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential and/or fraudulent transfers of property that occurred during the ninety (90) day period prior to the commencement of the

Debtor's bankruptcy case, pursuant to sections 547, 548, and 550 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim Defendant has filed or asserted against the Debtor's estate. Plaintiff does not waive but hereby reserves all rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court pursuant to the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This adversary proceeding is related to the above-captioned chapter 7 case pending in this district.

6. The predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgment by the Court in this adversary proceeding.

## BACKGROUND AND PARTIES

8. On October 14, 2022 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. Prior to the Petition Date, the Debtor provided proprietary artificial intelligence technology to provide smart advertising services placed in rideshares via Alfi devices.

10. On or about October 19, 2022, Alfred T. Giuliano was appointed as chapter 7 trustee of the Debtor's estate.

11. The Debtor's section 341 meeting of creditors was held and concluded on November 9, 2022.

12. As of the Petition Date, substantially all of Debtor's assets were subject to secured liens in the approximate amount of not less than $5,180,165.24.

13. In addition, the official claims register maintained in the Debtor's case reflects millions of dollars in unpaid claims. As of the filing of this Complaint, approximately $67,853,858.79 in filed claims are outstanding in the case.

14. As demonstrated by the official claims register in the Debtor's case, the Debtor's Schedules of Assets and Liabilities, and the Debtor's books and records, the Debtor was and remained insolvent at all times relevant to the allegations contained in this Complaint.

15. Upon information and belief, Defendant was, at all relevant times, a vendor that provided goods and/or services to or for the Debtor or was otherwise a creditor of the Debtor.

16. Upon further information and belief, Defendant's headquarters are located at 410 Terry Avenue North, Seattle, Washington 98109-8210.

**PREPETITION TRANSFERS**

17. During the ninety (90) days before the Petition Date, that is between July 16, 2022 and October 13, 2022 (the "Preference Period"), the Debtor continued to make certain transfers of money to, among others, the Debtor's vendors, customers, and creditors.

18. During the Preference Period, the Debtor made one or more transfer(s) of an interest of the Debtor's property to or for the benefit of the Defendant through payments and other credits aggregating not less than the amount set forth on <u>Exhibit A</u> hereto (each a "Transfer" and collectively, "Transfers"). The details of each Transfer are set forth on <u>Exhibit A</u> attached hereto and incorporated by reference.

19. By this Complaint, Plaintiff seeks to avoid and recover all of the Transfers and any other unknown transfers of interests of the Debtor's property made by Debtor to the Defendant within the Preference Period.

20. Prior to Plaintiff filing this Complaint, Plaintiff performed a reasonable due diligence in the circumstances of this case and took into account the reasonably knowable affirmative defenses that may be available to Defendant.

21. Plaintiff conducted a preliminary review of the Debtor's books and records to determine whether certain prepetition transfers qualified as preferential transfers. Plaintiff reviewed, *inter alia*, the Debtor's Schedules of Assets and Liabilities and available books and records of the Debtor.

22. In addition, Plaintiff sent a letter requesting that Defendant provide support for any defenses to avoidance of the Transfers. Plaintiff has considered any response timely received to that letter prior to filing this Complaint.

23. Plaintiff and his advisors have reviewed all reasonably available information and, based thereon, Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any defenses that may be available to Defendant under section 547(c) the Bankruptcy Code.

24. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers. Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith, and leaves Defendant to its burden.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

25. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26. During the Preference Period, the Debtor made one or more Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A.

27. Each Transfer was made by the Debtor and constituted a transfer of an interest in property of the Debtor.

28. Defendant was a creditor of the Debtor by virtue of supplying goods and/or services to the Debtor for which the Debtor was obligated to pay in accordance with the terms of any agreements between the parties, or otherwise was a creditor of the Debtor.

29. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

30. Each Transfer was made for, or on account of, an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

31. Each Transfer was made while the Debtor was insolvent. Further, Plaintiff is entitled to the presumption of the Debtor's insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

32. Each Transfer was made on or within 90 days before the Petition Date, or between ninety days and one year before the Petition Date, if Defendant at the time of such Transfer was an insider.

33. As a result of each Transfer, Defendant received more than Defendant would have received (i) through this chapter 7 case; (ii) if the Transfers had not been made; and (iii) if Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

34. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Cause of Action**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

35. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

36. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than the Debtor but paid for by the Debtor, Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for the Transfers; and the Debtor: (a) was insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; (b) was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or (c) intended to incur, or believed it would incur, debts beyond the Debtor's ability to pay upon maturity.

37. Based the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### Third Cause of Action
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

38. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

39. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B).

40. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

41. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

### Fourth Cause of Action
### (Disallowance of all Claims – 11 U.S.C. § 502(d))

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Defendant is a transferee of the Transfers under sections 547 or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

44. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

45. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtor's estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

### RESERVATION OF RIGHTS

46. During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to Defendant during the Preference Period or that otherwise may be avoidable under the provisions of the Bankruptcy Code or other applicable law. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor to

or for the benefit of Defendant or any other transferee.  Plaintiff reserves all rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B. Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C. Disallowing any claims held by Defendant against the Debtor's estate until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d);

D. Awarding interest from the date of the Complaint;

E. Awarding fees and costs; and

F. Such other and further relief as this Court may deem just and proper.

Dated: October 11, 2024					CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191  /  (302) 295-0199 (fax)
carickhoff@chipmanbrown.com
hall@chipmanbrown.com

*Counsel to the Plaintiff Chapter 7 Trustee*

8